859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory H. JONES, Plaintiff-Appellant,
v.
Herbert WILLIAMS, George Boone, L.V. Stephenson, Dr. Hoard,
Guard Hamm, Defendants-Appellees.
 No. 88-6532.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1988.
Decided Sept. 15, 1988.
 
 Gregory H. Jones, appellant pro se.
 Jacob Leonard Safron, Office of Attorney General, for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 North Carolina inmate Gregory H. Jones alleged in his 42 U.S.C. Sec. 1983 complaint that guards Hamm and Williams used excessive force against him and that physicians assistant Hoard did not adequately treat Jones' resulting injuries. A jury returned a verdict in favor of Hoard and Williams but was unable to reach a decision as to Hamm. The judge entered judgment in accordance with the verdict, declaring a mistrial as to Hamm. Jones noted his appeal. Hamm filed a motion for judgment notwithstanding the verdict, Fed.R.Civ.P. 50(b). The district court did not rule on the motion, but directed the entry of judgment pursuant to Fed.R.Civ.P. 54(b), as to Williams and Hoard.
 
 
 2
 Jones' appeal with respect to Hamm is not properly before us. The declaration of a mistrial is an interlocutory order from which an appeal may not be taken. Additionally, under Fed.R.App.P. 4(a)(4) we have no jurisdiction to consider an appeal when there is an outstanding Fed.R.Civ.P. 50(b) motion.
 
 
 3
 We refuse to consider the merits of the decision as to Williams and Hoard, as we find that issuance of the Rule 54(b) certificate was an abuse of discretion. Our concern is with economy of judicial administration. If we were to decide the merits of the appeal, we would consider much of the evidence that we would review should an appeal be taken following Hamm's retrial. Moreover, given the factual allegations in this case, it is likely that we would have to consider, once again, the issue of excessive force. For this reason, it cannot be said that "the possibility of repetitious appellate review of the same issues [is] sufficiently foreclosed here." Para-Chem Southern, Inc. v. M. Lowenstein Corp., 715 F.2d 128, 132 (4th Cir.1983).
 
 
 4
 This is a straightforward case that we feel we should consider once all those involved are properly before us. See 6 J. Moore, W. Taggart and J. Wicker, Moore's Federal Practice and Procedure p 54.41 (1988).
 
 
 5
 As our review of the record and other materials before us indicates that it would not significantly aid the decisional process, we dispense with oral argument. Jones' motion for a transcript at government expense is denied.
 
 
 6
 DISMISSED.